GARY P. BURCHAM
BURCHAM & ZUGMAN
California Bar No. 190780
402 West Broadway, Suite 1130
San Diego, CA 92101
Telephone: (619) 699-5930
E-mail: gburcham@sbcglobal.net

Attorney for Cristobol Sanclemente-Farrufia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRISTOBOL SANCLEMENTE-<br>FARRUFIA (2), )<br>)<br>Defendant. )<br>) | Case No. 21CR0344-WQH<br><br>Date: January 31, 2022<br>Time: 9:00 a.m.<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

TO:     RANDY S. GROSSMAN, UNITED STATES ATTORNEY, and
        NICOLE BREDARIOL, ASSISTANT UNITED STATES ATTORNEY

        The defendant, Cristobol Sanclemente-Farrufia, by and through his appointed counsel, Gary P. Burcham, hereby files this sentencing memorandum.

//
//
//
//
//
//
//

# I.

# ADVISORY SENTENCING GUIDELINES

**A.        Base/Adjusted Offense Level**

The base offense level of this conviction is 38. If this Court applies a minor role reduction, the base offense level is reduced to a 34. Because this offense involved a semi-submersible vessel as described in 18 U.S.C. § 2285, a two-level increase is applied pursuant to USSG § 2D1.1(b)(3)(B).

**B.        Minor Role**

In determining whether a mitigating role adjustment is warranted in this case, this Court must determine whether the defendant was "'substantially less culpable than the average participant'" in the charged criminal activity. United States v. Rodriguez-Castro, 641 F.3d 1189, 1193 (9th Cir. 2011) (quoting USSG § 3B1.2 cmt. n.3(A)). This Court should consider the following non-exhaustive list of factors in making this determination: "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity." USSG § 3B1.2, cmt. n.3(C).

Mr. Sanclemente-Farrufia is a fisherman by trade who was recruited to participate in this smuggling venture in his hometown of Buenaventura, Colombia. After accepting the offer to participate, he was taken to a location where the loaded vessel was waiting and the voyage began. Mr. Sanclemente-Farrufia's job on the vessel was to help with the fuel – he assisted with the process of getting the fuel from the containers on the vessel to

the engines. At no time did Mr. Sanclemente-Farrufia pilot the vessel, navigate, or perform any mechanical work on the vessel.

Comparing Mr. Sanclemente-Farrufia to the other average participants in this offense, he occupied a minor role deserving of a section 3B1.2 downward adjustment. Average participants who were substantially more culpable than Mr. Sanclemente-Farrufia included the persons who prepared and loaded the custom vessel in Colombia, the person who recruited Mr. Sanclemente-Farrufia to participate, and the local manager/supervisor of the activity.[1] Mr. Sanclemente-Farrufia also was less culpable than his co-defendant couriers, as they were responsible for piloting the vessel, navigation, and performing mechanical repairs on the vessel.

Applying the instant record to the note three factors strongly supports a minor role finding. Mr. Sanclemente-Farrufia had no knowledge about the scope or structure of the activity other than what he personally observed, he had no role in planning the event and always acted at the direction of others, he had no decision-making authority of any sort, his physical participation was limited to riding on the vessel and fueling the motors, and the

---

1. In the Sentencing Commission's 2011 report to Congress regarding mandatory minimum penalties, the Commission assigned each offender in a drug case to one of 9 separate function categories based on his or her most serious conduct as described in the Presentence Report and not rejected by the court on the Statement of Reasons form. See U.S. Sentencing Comm'n, Report to Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System at 165-67 & app. H (Oct. 2011). The Commission found that a "manager/supervisor" was the fifth most culpable out of nine function categories. A 2007 report found similarly with regard to the comparative role of a local manager or supervisor who "[t]akes instruction from higher-level individual and manages a significant portion of drug business or supervises at least one other coparticipant but has limited authority." Id; see U.S. Sentencing Comm'n, Report to the Congress: Cocaine and Federal Sentencing Policy at 17-18, app. C tbl. A-1 (May 2007) (listing "manager/supervisor" as the fourth most culpable out of nine offender functions).

amount Mr. Sanclemente-Farrufia was going to be paid was just a tiny fraction of the value of the drugs onboard. Mr. Sanclemente-Farrufia submits that when his role is compared to those of the average participants in this offense, he was substantially less culpable than these other participants and a two-level minor role reduction is warranted.

**C.      Acceptance of Responsibility**

Because Mr. Sanclemente-Farrufia has fully accepted responsibility for his actions in this case, a three-level downward adjustment pursuant to USSG § 3E1.1(a) and (b) is appropriate.

**D.      Safety Valve**

Because Mr. Sanclemente-Farrufia has satisfied all five elements of safety-valve, he asks this Court for a departure of two levels to account for his qualification under the First Step Act.

## II.

## SENTENCING RECOMMENDATION AND SECTION 3553(a) ANALYSIS

Cristobol Sanclemente-Farrufia is a 58 year-old Colombian citizen who will appear before this Court for possessing 1,560 kilograms of cocaine with the intent to distribute aboard a semi-submersible vessel. Based on a consideration of the advisory guideline range and an application of the section 3553(a) factors, Mr. Sanclemente-Farrufia asks this Court to impose a sentence of 60 months in custody.

**A.      Nature and Circumstances of Offense and History and Characteristics of Defendant [3553(a)(1)]**

This case involves the seizure of a panga-style boat containing a large load of cocaine which originated in Colombia, and had a destination off the coast of Costa Rica. Mr. Sanclemente-Farrufia, a fisherman by trade, was one of three persons aboard the vessel. He was made an offer to participate in this smuggling endeavor in his hometown, and at the time this offer was extended to him, Mr. Sanclemente-Farrufia had been out of work for more than three months. Additionally, Mr. Sanclemente-Farrufia's brother was fighting cancer at that

time, (he passed away in 2021 - PSR § 34), and Mr. Sanclemente-Farrufia had been helping to support his brother and his family with the money he normally earned working in the fishing industry.

After Mr. Sanclemente-Farrufia agreed to participate in this offense, he was taken from his hometown to an estuary several hours away where the vessel was waiting. Mr. Sanclemente-Farrufia's role on the vessel was to help with fueling the engines. Mr. Sanclemente-Farrufia never drove the boat, he did not assist with navigation, and he never performed any mechanical functions on the vessel or engines.

Mr. Sanclemente-Farrufia has no criminal history, and has worked as a fisherman since he was a teenager. He has been in a common-law relationship with his wife Hilda for the past 34 years, and the couple have reared and raised three children. [PSR § 37]. At the time of this offense, Mr. Sanclemente-Farrufia was in a very bad economic situation and he made a terrible decision to try and make things better. He has never done anything like this before, and he will never do anything like this again. At this point, he is focusing on serving the sentence that this Court imposes, and then returning to his family, and his work as a fisherman, back in Buenaventura, Colombia.

**B.     Need For Sentence To Reflect Seriousness Of Offense, Promote Respect For Laws, Provide Just Punishment And Deterrence, Protect Public From Further Crimes, Provide Defendant With Education, Training, Treatment [3553(a)(2)]**

A sentence of 60 months in custody would represent a just and sufficient punishment, adequately protect the community and public, and meaningfully deter Mr. Sanclemente-Farrufia from further misconduct. Mr. Sanclemente-Farrufia is 58 years of age, he has never been in any serious trouble before, and he is going well into his 60's when he is removed to Colombia when his sentence is over  After his arrest and transportation to this district, Mr. Sanclemente-Farrufia resolved his case as expeditiously as possible, and he fully accepted responsibility for his involvement in this offense. Given all of the facts related to this offense, defendant's role in it, and the background and characteristics of this first-time

offender, a 60-month sentence would represent a sufficient and just penalty for his misconduct.

Such a sentence also would protect the public by deterring Mr. Sanclemente-Farrufia from any future misconduct. Mr. Sanclemente-Farrufia now understands that the potential penalties for participating in this sort of offense, even at the level of transporting contraband to another location in the Pacific Ocean hundreds of miles from this country, are severe. Whatever sentence he receives in this case, he knows that any future misconduct of this sort would carry a significantly higher sentence than what he is facing here. Mr. Sanclemente-Farrufia is going back to his homeland more than 2000 miles from the United States after his release, and the next time he finds himself at sea, it will only be back at work in the commercial fishing industry.

**C.      Kinds Of Sentences Available [3553(a)(3)]**

Mr. Sanclemente-Farrufia does not seek any sort of split sentence in this case.

**D.      Need To Avoid Unwarranted Sentencing Disparities Among Defendants [3553(a)(6)]**

A sentence of 60 months would not create any unwarranted sentencing disparities as compared to similarly-situated defendants convicted of this same offense.

## III.
## CONCLUSION

For the above reasons, Mr. Sanclemente-Farrufia asks this Court to impose a sentence of 60 months in custody in this case.

Respectfully submitted,

Dated: January 24, 2021                    /s/ Gary P. Burcham
                                           GARY P. BURCHAM
                                           Attorney for Cristobol Sanclemente-Farrufia