Case 3:21-cr-00344-WQH   Document 107   Filed 01/23/25   PageID.373   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| United States of America )<br>v. )<br>CRISTOBAL SANCLEMENTE FARRUFIA (2) )<br> )<br>Date of Original Judgment: 02/17/2022 )<br>Date of Previous Amended Judgment: _____ )<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 21cr344-WQH-2<br>USM No: _____<br><br>_____<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to 120 months in the custody of the Bureau of Prisons for possession of cocaine with intent to distribute on board a vessel, operation of a semi-submersible vessel without nationality, and aiding and abetting in violation of 18 U.S.C. §§ 2 & 2285 and 46 U.S.C. § 70503. Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision. (ECF No. 101.) At sentencing, Defendant's guideline range was 168 to 210 months, and the Court imposed a below-guideline sentence of 120 months. If the Court applies the zero-point offender adjustment pursuant to § 4C1.1, the amended guideline range is 135 to 168 months, which is still above the sentence of 120 months imposed by the Court. Accordingly, Defendant is ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A), "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014). Here, Defendant did not receive a substantial assistance departure. Finally, even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because, although Defendant had no prior criminal history, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 120-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 101.)

Except as otherwise provided, all provisions of the judgment dated 02/17/2022 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 1/23/25

*Judge's signature* (signed: William Q. Hayes)

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*