UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                          Plaintiff,<br>v.<br>CRISTOBAL            SANCLEMENTE<br>FARRUFIA (2),<br>                                          Defendant. | Case No.:  21cr344 WQH<br><br>**ORDER** |

HAYES, Judge,

On February 14, 2022, following a guilty plea, the Court sentenced Defendant Cristobal Sanclemente Farrufia to 120 months in the custody of the Bureau of Prisons for possession of cocaine with intent to distribute on board a vessel, operation of a semi-submersible vessel without nationality, and aiding and abetting in violation of 18 U.S.C. §§ 2 & 2285 and 46 U.S.C. § 70503. (ECF Nos. 72, 73.)

On May 28, 2024, Defendant, now proceeding pro se, filed a Motion for Reduction of Sentence, moving for a reduction in sentence on the grounds that he was at the time of original sentencing a "zero-point offender" as described in the newly-amended U.S. Sentencing Guidelines § 4C1.1. (ECF No. 101.) After the Federal Defenders opined that "the Court can decide the motion on the existing record without further assistance of counsel" (ECF No. 104 at 1), Plaintiff United States of America filed an opposition to the Motion for Reduction of Sentence. (ECF No. 106.)

1

On January 23, 2025, the Court issued an Order denying the Motion for Reduction of Sentence. (ECF No. 107.) The Court stated:

> Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision. (ECF No. 101.) At sentencing, Defendant's guideline range was 168 to 210 months, and the Court imposed a below-guideline sentence of 120 months. If the Court applies the zero-point offender adjustment pursuant to § 4C1.1, the amended guideline range is 135 to 168 months, which is still above the sentence of 120 months imposed by the Court. Accordingly, Defendant is ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A), which "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. *See United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). Here, Defendant did not receive a substantial assistance departure.
>
> Finally, even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because, although Defendant had no prior criminal history, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 120-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 101.)

*Id.* at 1.

On March 23, 2026, Defendant filed a handwritten letter addressed to the Clerk of Court, which states in its entirety:

> I have a signed plea and therefore eliminated enhancements. The plea was for 120 months. I would like to know if I could still be eligible for the 2 point reduction on my sentence, or if any of the 2023, 2024, or 2025 amendments could apply to my sentence. I have a criminal history score of zero and NO enhancements. I have deportation to Columbia, my current release date is 08/04/2028. Please advise me of how to proceed as soon as possible.

(ECF No. 110.)

21cr344 WQH

The Court liberally construes Defendant's March 23, 2026 letter as a renewed motion for reduction in sentence. So construed, the renewed motion is denied for the reasons stated in the Court's January 23, 2025 Order, which is quoted above. (*See* ECF No. 107.)

IT IS HEREBY ORDERED that the renewed motion for reduction in sentence is denied. (ECF No. 110.)

Dated: April 20, 2026

_____
Hon. William Q. Hayes
United States District Court

3

21cr344 WQH